UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LOUIS WINTERS, <br><br> Defendant. | 5:24-CR-50186-CCT-1 <br><br> **ORDER OVERRULING DEFENDANT'S OBJECTION TO THE REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO SUPPRESS** |

Defendant Louis Winters is charged with conspiracy to distribute a controlled substance, possession of a firearm by a prohibited person, and carrying a firearm during a drug trafficking offense. Docket 14. He moves to suppress the evidence obtained as a result of a stop, search, and seizure on September 25, 2024. Docket 99. On referral, Magistrate Judge Wollmann held a hearing and thereafter issued a report and recommendation, recommending that Mr. Winters's motion to suppress be denied. Docket 115. Mr. Winters objects. Docket 120. The government did not file a response to the objection or to the motion to suppress. For the reasons explained below, Mr. Winters's objections are overruled.

**LEGAL STANDARD**

This Court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Federal Rule of Criminal Procedure 59. Because motions to suppress evidence are considered dispositive matters, the

1

Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980). In doing so, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); Fed. R. Cim. P. 59(b); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## BACKGROUND

After a de novo review of the evidence and testimony from the suppression hearing, the court makes the following findings and determinations.

Highway Safety Trooper Cody Seaboy, of the Oglala Sioux Tribe Department of Public Safety, is on the FBI Badlands Safe Trails Drug Taskforce. His primary role on the Taskforce involves narcotics, particularly with interdiction patrols to prevent drugs from entering Pine Ridge Indian Reservation and seizing narcotics found on the Reservation. On September 25, 2024, Trooper Seaboy was contacted by Criminal Investigator Laddimer Clifford about a search warrant being executed at Garren Wilson's residence on the Reservation. Mr. Winters and Mr. Wilson were allegedly distributing drugs together. After receiving the call, Trooper Seaboy, who was in Rapid City, proceeded to the Reservation. He testified that he understood from his

conversation with Investigator Clifford that he was to focus on the narcotics associated with the search.

While enroute to the Reservation, Trooper Seaboy received a briefing from the Taskforce that Mr. Winters was removing items from his residence and putting them in numerous vehicles. Trooper Seaboy was asked to conduct a traffic stop on Mr. Winters if possible. Trooper Seaboy knew from his contacts within the Taskforce that Mr. Winters was traveling on U.S. Highway 18 within the Reservation.

While Trooper Seaboy was traveling on U.S. Highway 18, he located the vehicle being driven by Mr. Winters, a black Chevy Silverado. Trooper Seaboy testified that when he located Mr. Winters's vehicle, Mr. Winters was driving ahead of him in the same lane and did not appear to be speeding. According to Trooper Seaboy, he could see approximately two miles ahead of him on that portion of the highway.

Trooper Seaboy testified that as he was driving behind Mr. Winters's vehicle, he observed the vehicle cross the fog line, drift back into the line of travel, and then drive on the fog line for five to seven seconds. The dash camera footage from Trooper Seaboy's patrol vehicle shows Mr. Winters's vehicle drive on the fog line for a short period of time. The footage does not clearly show the first crossing of the fog line observed by Trooper Seaboy. However, the Court notes that the quality of the video is not as clear when Trooper Seaboy is farther away from Mr. Winters's vehicle because the camera appears to be bouncing in response to the condition of the road.

Trooper Seaboy further testified that Mr. Winters's driving over and then on the fog line constituted careless driving in violation of Oglala Sioux Tribal Criminal Offenses Code 603, and he decided to initiate a traffic stop based on that violation. After stopping Mr. Winters's vehicle, Trooper Seaboy approached the vehicle's passenger side. He knocked on the window, and after it opened, introduced himself and asked Mr. Winters for his license and registration. Trooper Seaboy testified that when Mr. Winters opened the glove box to retrieve the registration, he observed a crystal-like substance in a jewelry bag and mushrooms in a jewelry bag. Trooper Seaboy also testified that he observed furtive movements by Mr. Winters, which to him are movements that suggest an individual is attempting to conceal an object.

Because of these observations, Trooper Seaboy invited Mr. Winters back to his patrol vehicle. Mr. Winters sat in the passenger seat, and Trooper Seaboy ran Mr. Winters's information through his mobile computer. Through that, Trooper Seaboy learned that Mr. Winters was on probation for conspiracy to distribute a controlled substance. At this point, Trooper Seaboy decided to conduct field sobriety testing on Mr. Winters to determine if he was under the influence.

Trooper Seaboy testified that he could not complete the field sobriety testing because Mr. Winters had a foot injury. He also testified that Mr. Winters acted extremely nervous in the patrol vehicle. Trooper Seaboy observed Mr. Winter's ceratoid artery pumping fast and that his speech pattern was shallow and shaky at times.

4

While speaking with Mr. Winters after conducting a portion of the field sobriety testing, Trooper Seaboy asked Mr. Winters about his alcohol use and whether there is alcohol in the pickup. Mr. Winters shook his head "no" and replied, "No." Trooper Seaboy then asked Mr. Winters, "Do you mind if I check your car?" Mr. Winters replied, "Go ahead." Trooper Seaboy referred to the pickup not belonging to Mr. Winters, and Mr. Winters confirmed it belonged to someone else. Trooper Seaboy then said, "So, we are going to do a quick search, make sure there's nothing in there. Um, and then we will go from there. Okay?" Mr. Winters nodded his head in an affirmative way and said, "Alright." During the search, law enforcement uncovered approximately one kilogram of cocaine, a large amount of U.S. currency, a firearm, and drug paraphernalia.

## DISCUSSION

Following his arrest, Mr. Winters filed the pending motion to suppress. Docket 99. This Court referred Mr. Winters's motion to a magistrate judge under 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Wollmann held an evidentiary hearing, during which Trooper Seaboy testified. Docket 108. The government entered Trooper Seaboy's dash camera footage and a copy of the Tribal Code at issue into evidence. Exhibits 1 and 2.

After considering the arguments of counsel, witness testimony, and the evidence in the record, Magistrate Judge Wollmann found Trooper Seaboy credible and determined that he conducted a lawful stop of Mr. Winters's vehicle. Docket 115. In particular, Magistrate Judge Wollmann found that the stop was based on Trooper Seaboy's observation that Mr. Winters's vehicle

crossed the fog line. *Id.* at 6. The judge noted that Trooper Seaboy cited Mr. Winters for careless driving in violation of Tribal Code 603. *Id.*

Magistrate Judge Wollmann acknowledged that Trooper Seaboy, as part of his position on the Taskforce, was instructed to initiate a traffic stop of Mr. Winters. *Id.* However, the judge found this insignificant because Trooper Seaboy had probable cause independent of the drug investigation based on Mr. Winters crossing the fog line with his vehicle. *Id.* at 6–7. Magistrate Judge Wollmann therefore recommended denying Mr. Winters's motion to suppress. *Id.* at 7–8.

## I.    Mr. Winters's Factual Objections

When considering objections "to the factual findings of a magistrate judge, the district judge must make its own *de novo* determination of the facts with no deference to the magistrate judge's findings." *United States v. Running*, 698 F. Supp. 2d 1186, 1189 (D.S.D. 2009). Therefore, "the district judge must make an independent review of the record, including tapes of evidence and the transcript of evidentiary hearings before the magistrate judge." *Id.* The Court must also review the magistrate judge's credibility determinations de novo. *United States v. Moua*, 145 F.4th 929, 935 (8th Cir. 2025).

Mr. Winters advances two factual objections. Docket 120 at 2. First, he objects to the finding that Trooper Seaboy observed him cross or drive on the fog line. *Id.* He contends that Trooper Seaboy "testified that his camera activates 30 seconds *after* his lights are activated[,]" and thus, from the footage,

6

it is apparent Mr. Winters's "act of crossing or touching the fog line was in preparation for pulling over for an emergency vehicle." *Id.*

Trooper Seaboy did not testify as Mr. Winters contends. During cross-examination, counsel for Mr. Winters questioned Trooper Seaboy about how the camera in his vehicle works. Trooper Seaboy explained that his camera recording begins 30 seconds *before* he activates his emergency lights, explaining that when he activates his lights, the camera "pre-records 30 seconds prior" to the light activation. Because Mr. Winters's objection to the magistrate judge's factual finding is based on an incorrect view of Trooper Seaboy's testimony, the objection is overruled. However, the Court notes that Magistrate Judge Wollmann found Trooper Seaboy's testimony credible, a finding which this Court has no basis to overrule. Therefore, the Court affirms Magistrate Judge Wollmann's finding that Trooper Seaboy observed Mr. Winters cross and drive on the fog line and thereafter initiated the traffic stop.

Mr. Winters next objects to the magistrate judge's "omission that Seaboy was going to pull Winters over regardless of any reasonable suspicion based upon the information he was given earlier." *Id.* Relatedly, Mr. Winters appears to take issue with a footnote in the report and recommendation that referred to caselaw explaining that law enforcement can create a ruse to conduct a traffic stop when there is knowledge of an ongoing drug investigation. *Id.* Mr. Winters notes that the government did not argue this as a basis for the stop. *Id.*

The Court overrules the factual objection to the omission of a finding that Trooper Seaboy was going to pull over Mr. Winters even without observing a

7

traffic violation. The report and recommendation acknowledges that Trooper Seaboy was instructed to conduct a traffic stop of Mr. Winters. Further, although the report and recommendation does not contain a specific finding that Trooper Seaboy was going to pull over Mr. Winters's vehicle regardless, Mr. Winters's factual objection to this omission is in essence a challenge to Magistrate Judge Wollmann's ultimate determination that Trooper Seaboy had a legal basis to stop Mr. Winters's vehicle. As such, the Court will consider, if necessary, this evidence when addressing Mr. Winters's legal objection.

To the extent there is an objection to footnote 2, the Court overrules such objection. The magistrate judge specifically indicated that she was not relying on an argument not raised by the government. *See* Docket 115 at 4 n.2. This Court likewise will not rely on an argument not made by the government.

## II.    Mr. Winters's Legal Objection

Mr. Winters objects to the magistrate judge's ultimate determination that Trooper Seaboy had sufficient legal justification to stop his vehicle. Docket 120 at 3. He contends "[t]he magistrate court failed to consider the entirety of the relevant circumstances[.]" *Id.* He notes that drivers are required to pull over and stop when a vehicle with emergency lights activated approaches from behind. *Id.* He then claims that the evidence establishes that Mr. Winters was doing just that when Trooper Seaboy observed him drive on the fog line. *Id.* Mr. Winters also claims that Trooper Seaboy's credibility as to what he saw is suspect because he had instructions to pull Mr. Winters's vehicle over. *Id.*

The Fourth Amendment protects "against unreasonable searches and seizures[.]" U.S. Const. amend. IV. A traffic stop is a seizure and "must be supported by 'at least a reasonable, articulable suspicion that criminal activity has occurred or is occurring[.]'" *United States v. Forjan*, 66 F.4th 739, 746 (8th Cir. 2023) (quoting *United States v. Cox*, 992 F.3d 706, 709 (8th Cir. 2021)). "[A] traffic violation—however minor—creates probable cause to stop the driver of a vehicle." *Id.* (quoting *Cox*, 992 F.3d at 709).

Although Mr. Winters casts his actions as merely pulling over onto the shoulder of the road as required when emergency vehicles approach from behind with lights activated, Mr. Winters did not testify at the suppression hearing, and from the Court's independent review of the evidence, there is no basis to disturb Magistrate Judge Wollmann's determination that Trooper Seaboy testified credibly that he had observed Mr. Winters's vehicle cross the fog line and return to the lane of travel and thereafter drive on the fog line for approximately five seconds prior to initiating the traffic stop. The footage shows Mr. Winters drive on the fog line for approximately five seconds, thus supporting Trooper Seaboy's testimony, and there is no evidence in the record supporting that Trooper Seaboy's lights were activated at the time he observed Mr. Winters's traffic violation.

Further, although Trooper Seaboy had been instructed by the Taskforce to stop the vehicle being driven by Mr. Winters, Trooper Seaboy had probable cause independent of that directive to conduct a traffic stop based on Mr. Winters's violation of Tribal Code Section 603. *See United States v. Sallis*, 507

F.3d 646, 649 (8th Cir. 2007) ("An officer has probable cause to conduct a traffic stop when he observes even a minor traffic violation." (citation omitted)). As the Eighth Circuit explained, a traffic violation establishes probable cause for a stop, "even if a valid traffic stop is a pretext for other investigation." *Id.* (quoting *United States v. Coney,* 456 F.3d 850, 855–56 (8th Cir. 2006)). The Court thus overrules Mr. Winters's objection to the magistrate judge's ultimate determination that Trooper Seaboy had a legal basis to stop Mr. Winters's vehicle.

There being no further objections, it is hereby

ORDERED that Defendant's objections to the Report and Recommendation, Docket 120, are overruled. It is further

ORDERED that the Report and Recommendation, Docket 115, is adopted in full. It is further

ORDERED that the Defendant's motion to suppress, Docket 99, is denied.

Dated August 7, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE

10